NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR RAYMOND ROBLERO, | No. 17-55039 |
| Petitioner-Appellant, | D.C. No. 5:14-cv-01110-PA-JEM |
| v. | |
| SCOTT KERNAN, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted December 4, 2018**
Pasadena, California

Before: D.W. NELSON and WARDLAW, Circuit Judges, and PRATT,*** District Judge.

A California jury convicted Appellant Victor Roblero of molesting his

stepdaughter (Jane Doe No. 1) and her friend (Jane Doe No. 2) over the course of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

several years. At trial, the jury heard from both victims, and viewed a police interview in which Roblero admitted that he orally copulated and digitally penetrated Jane Doe No. 2 when she was less than eighteen years old. While Roblero's defense counsel conceded Roblero's guilt on the oral sex and sexual penetration charges, defense counsel urged the jury to find Roblero not guilty of the remaining six counts of lewd acts on a child, while asking it to convict only on the lesser-included offenses. The jury, however, found Roblero guilty on all counts, as charged. Roblero filed a series of state habeas petitions, which the California Supreme Court denied without reasoning. Roblero then filed this petition in federal court, which the district court denied.

We review de novo a district court's denial of a habeas petition and review factual findings for clear error. *Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir. 2000) (en banc). The Anti-Terrorism and Effective Death Penalty Act (AEDPA) imposes a "highly deferential" standard for evaluating state court denials of habeas relief. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam). When a state supreme court rejects a claim without reasoning, a habeas court must consider arguments or theories that could have supported the state court's decision. *See Harrington v. Richter*, 562 U.S. 86, 102 (2011). Then it must ask whether fair-minded jurists could disagree that those arguments or theories are inconsistent with United States Supreme Court precedent. *Id.*

On appeal, Roblero argues that his defense counsel was ineffective because counsel conceded guilt on several charges. This argument is not persuasive. It was reasonable for defense counsel to concede Roblero's guilt on the two less serious felony charges to gain credibility with the jury for his defense of the more serious felony charges. Moreover, in light of the overwhelming evidence against Roblero, including his admissions, it is not reasonably probable that, but for defense counsel's concessions, Roblero would have received a different verdict.

A successful ineffective assistance of counsel claim must establish both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To determine whether defense counsel's representation was constitutionally deficient, a court must find "that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. A court may assume prejudice if "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *United States v. Cronic*, 466 U.S. 648, 659 (1984).

Here, the California Supreme Court did not unreasonably apply U.S. Supreme Court precedent—under either *Strickland* or *Cronic*—when it denied Roblero's habeas petition. The California Supreme Court could have reasonably determined that defense counsel's concessions were not the functional equivalent of a guilty plea or a failure of adversarial testing. For example, the state court could have determined that counsel was trying to gain the credibility of the jury by

3

strategically conceding guilt on the less serious felony charges to avoid conviction on the more serious felony charges.

Where the evidence of guilt on some counts is overwhelming, it may be sound strategy for defense counsel to concede guilt on those charges and focus on the more defensible charges, particularly if the defensible charges carry a greater penalty. *See United States v. Thomas*, 417 F.3d 1053, 1058–59 (9th Cir. 2005); *United States v. Swanson*, 943 F.2d 1070, 1076 (9th Cir. 1991). Therefore, as the U.S. Supreme Court held, "counsel cannot be deemed ineffective for attempting to impress the jury with his candor and his unwillingness to engage in 'a useless charade.'" *Florida v. Nixon*, 543 U.S. 175, 192 (2004) (quoting *Cronic*, 466 U.S. at 656–57 n.19).

The majority of Roblero's arguments in his habeas petition and on appeal center around what defense counsel could have done differently. In other words, Roblero is second-guessing his defense counsel's trial tactics and strategy. This is precisely the type of post-conviction second-guessing that *Strickland* forbids. *See Strickland*, 466 U.S. at 689. Given that Roblero admitted to the two less serious felony charges during his police interview, conceding guilt on these charges would have been a reasonable strategic decision by defense counsel. Similarly, for the remaining six counts, it was a reasonable strategic decision to ask the jury to convict on the lesser-included offenses. The record establishes that defense counsel

was likely trying to gain credibility with the jury by focusing on the defensible charges. It is reasonable that the California Supreme Court saw it this way, too. Lastly, because there is no clearly established U.S. Supreme Court precedent holding that defense counsel is necessarily deficient for strategically conceding guilt on a subset of charges in a noncapital case, defense counsel, here, was not ineffective.

Second, defense counsel's concessions were not equivalent to a complete failure in the adversarial process. *See Nixon*, 543 U.S. at 188. Here, throughout trial and during closing, defense counsel meaningfully tested the prosecutor's case by contesting the admissibility of evidence, cross-examining witnesses, and presenting a defense case. Furthermore, Roblero retained his right to appeal, and did appeal his conviction twice. Defense counsel, therefore, did not fail to subject the prosecution's case to meaningful adversarial testing. Moreover, in view of the overwhelming evidence against Roblero, including his admissions and victim testimony, the California Supreme Court could also have reasonably determined that it is not reasonably probable that, but for counsel's concessions, Roblero would have received a more favorable verdict.

Accordingly, we **AFFIRM** the district court's order denying habeas relief.

5